UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO DIAZ, JR.,
     Petitioner,

v.                               Case No. 8:23-cv-12-WFJ-MRM

UNITED STATES OF AMERICA,
     Respondent.

**UNITED STATES' RESPONSE IN OPPOSITION TO
ANTONIO DIAZ'S 28 U.S.C. § 2255 MOTION**

The United States opposes for the following reasons Antonio Diaz's amended motion to vacate, set aside, or correct his sentence. Civ. Doc. 5.[1]

## I.    STATEMENT OF THE CASE AND FACTS

### A.    Statement of facts

Diaz participated in a drug conspiracy in 2019, running drugs and acting as a driver for his co-defendant, a cocaine supplier in and around the Robles Park area of Tampa Florida. Doc. 402 ¶ 18 (Presentence Investigation Report dated January 24, 2022); Doc. 501 at 22–23. Diaz drove the supplier to controlled purchases, where an informant bought ounce-level amounts of cocaine for distribution. Doc. 402 ¶¶ 22, 25. Further, law enforcement saw Diaz remove from a vehicle a bag that contained $50,000 for further delivery to a source of supply. *Id.* ¶ 23. Diaz was accountable for possessing with intent to distribute 9 kilograms of cocaine. *Id.* ¶ 26.

---

[1] References to filings in criminal case number 8:20-cr-220-WFJ-MRM are cited as "Doc. [document number]." References to filings in this civil case are cited as "Civ. Doc. [document number]."

### B.     Procedural history

A federal grand jury issued an 11-count indictment that included Diaz, along with seven others, in the conspiracy. Doc. 1. At his plea hearing, Diaz proceeded without the benefit of a written plea agreement, even though he had previously signed one. *See* Doc. 268; *see also generally* 501. Diaz pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, and 841(b)(1)(A) and (b)(1)(B) (Count One), and distribution of cocaine while aiding and abetting a co-defendant, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Count Four). Doc. 402 ¶ 14; *see also generally* 501.

Diaz qualified as a career offender under USSG §4B1.1 because (1) he was 28 years old at the time of the offense; (2) his offense of conviction was a controlled substance offense, and; (3) he had at least two prior felony convictions for controlled substance offenses. [2] *Id.* ¶ 64. His prior qualifying felonies are as follows:

1.  Delivery of Cocaine within 1,000 Feet of a Park in Hillsborough County, case number 2015-CF-003717, committed on February 10, 2015, and sentenced on August 31, 2015, *see* Doc. 402 ¶ 64(a);

2.  Delivery of Cocaine within 1,000 Feet of a Public Housing Facility in Hillsborough County, case number 2018-CF-005422, committed on March 19, 2018, and sentenced on January 16, 2019, *see* Doc. 402 ¶ 64(b); and

---

[2] *See* Diaz's prior convictions attached.

2

3.   Delivery of Cocaine within 1,000 Feet of a Public Housing Facility in Hillsborough County, case number 2018-CF-005423, committed on March 20, 2018, and sentenced on January 16, 2019, *see* Doc. 402 ¶ 64(c).

Diaz's total offense level (34) and criminal history category (VI) produced an advisory guidelines range of 262 to 327 months' imprisonment. *Id.* ¶¶ 68, 93, 149. Objecting to a guidelines range sentence, Diaz argued that the career offender status overrepresented his criminal history because, absent the application of section 4B1.1, his criminal history was only a category V and because his predicate offenses involved small amounts of drugs. *Id.* 36–40. Further, Diaz requested a mitigating-role departure, arguing that he had played a limited role in the overall conspiracy. *Id.* 36–41; *see generally* Doc. 386.

This Court accepted the PSR without any changes to the advisory guidelines. Doc. 496 at 6. Noting that Diaz was on supervised release for a drug offense during the present conspiracy and that he had already received a two-point reduction for having played a minor role, the United States recommended Diaz receive a low-end 262-month guideline sentence. *Id.* at 7. Ultimately, this Court maintained Diaz's career offender enhancement, but varied downward by 70 months, sentencing Diaz on January 31, 2022, to serve 192 months' imprisonment. Docs. 417, 422; *see also Id.* at 12. Diaz did not appeal.

Now, Diaz seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. Civ. Doc. 5. In his motion, Diaz claims that counsel provided ineffective assistance by failing to:  (1) object to Diaz's career offender enhancement, (2) investigate his prior

3

convictions, (3) argue that Diaz's crimes for conspiring to distribute cocaine and aiding and abetting cocaine distribution were not controlled substance offenses, and (4) challenge his convictions and sentences based on *United States v Jackson*, 36 F.4th 1294 (11th Cir.) (*Jackson I*), *vacated*, No. 21-13963, 2022 WL 4959314 (11th Cir. Sept. 8, 2022), *and superseded*, 55 F.4th 846 (11th Cir. 2022) (*Jackson II*), *pet. for cert. filed*, No. 22-6640 (Jan. 26, 2023). *See generally* Civ. Doc. 5. For the reasons explained below, this Court should deny Diaz the relief he seeks.

## II.     MEMORANDUM OF LAW

### A.     Burden of proof

In general, on collateral review the petitioner bears the burden of proof and persuasion on each and every aspect of his claim, *Beeman v. United States*, 871 F.3d 1215, 1221–25 (11th Cir. 2017) (collecting cases), which is "a significantly higher hurdle than would exist on direct appeal" under plain error review, *see United States v. Frady*, 456 U.S. 152, 164–66 (1982). Accordingly, if this Court "cannot tell one way or the other" whether the claim is valid, then the petitioner has failed to carry his burden. *In re Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016); *see also Williams v. United States*, 985 F.3d 813, 821 (11th Cir. 2021) ("When a case turns on an issue of historical fact, the available evidence, whether traffic footage or the legal landscape of yesteryear, must satisfy the burden of proof on the disputed issue. If the evidence is silent or in equipoise, then the party with the burden fails."). Diaz cannot meet this burden.

4

### B.      Timeliness

Diaz's judgment of conviction became final on February 14, 2022, when the time for filing a direct appeal had passed, therefore, he had until February 15, 2023, to file his section 2255 motion. *See Akins v. United States*, 204 F.3d. 1086, 1089 n.1 (11th Cir. 2000) (if defendant does not pursue direct appeal, conviction becomes final when time for filing direct appeal expires)**.**

Diaz timely filed his section 2255 motion on December 23, 2022.[3] Civ. Doc. 1 at 12. *See Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001) (pleadings filed by an incarcerated petitioner are deemed filed on the date they were placed into the prison's official mail system).

### C.      Cognizability and procedural bars

Diaz's claims of ineffective counsel are grounded in the Sixth Amendment and are cognizable under section 2255. See, e.g., Lynn v. United States, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings). Similarly, Diaz's ineffective-assistance-of-counsel claims are not procedurally barred. See Massaro v. United States, 538 U.S. 500, 509 (2003); Lynn v. United States, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004).

---

[3] Diaz petitioned this Court to amend his motion on January 25, 2023, by adding two additional grounds. Civ. Doc. 3. Pursuant to this Court's order granting Diaz's request, Civ. Doc. 4, Diaz filed his Amended § 2255 Motion on March 21, 2023. Civ. Doc. 5.

**D.     Merits**

To succeed on an ineffective assistance of counsel claim, a petitioner must meet a stringent, two-prong test. First, the petitioner must show that counsel committed "errors so serious that counsel was not functioning as the 'counsel' guaranteed … by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the petitioner must prove resulting prejudice. *Id.* If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005). *Strickland* sets a "high bar" for ineffective assistance claims, and surmounting it "is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotation marks and citation omitted).

When evaluating performance, this Court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc; quoting *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992)).

To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). The standard that the petitioner

6

must meet is both "rigorous" and "highly demanding," and requires a showing of "gross incompetence" on counsel's part. *Kimmelman v. Morrison,* 477 U.S. 365, 381–82 (1986).

A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Here, Diaz has not shown that counsel performed deficiently, taking action that no competent counsel would have taken. Similarly, Diaz is unable to prove that, but for counsel's alleged errors, the outcome of his proceedings would have been different.

Diaz cites *Jackson I* in support of his arguments in Grounds One, Two and Four, but as explained below, neither *Jackson* opinion applies to the sentencing guidelines, so counsel did not perform deficiently, and Diaz was not prejudiced by counsel's failure to advance the arguments he now makes. S*ee generally* Civ. Doc. 5. Similarly, counsel cannot be deemed to have performed deficiently by failing to anticipate the holding in *United States v. Dupree*, 57 F.4ᵗʰ 1269 (11th Cir. 2023) (en banc). In any event, Diaz was not prejudiced because even if his section 846 conviction in count one did not qualify for career-offender sentencing, his substantive conviction under section 841 in count four still would have qualified.

### i. Grounds One, Two and Four:  Jackson does not apply to Diaz's sentence

Diaz's motion alleges ineffective counsel for failure to attack his predicate convictions—and therefore, his career offender enhancement—based on the recent opinion in *Jackson I*, which has now been vacated. *Id.* At Grounds One and Three, Diaz alleges that his predicate Fla. Stat. § 893.13 convictions for cocaine do not qualify for his career offender enhancement because the Florida definition of cocaine criminalizes a broader category of drugs than its federal statutory counterpart. *Id.* at 4, 8. At Ground Two, Diaz reiterates that claim, asserting also that the United States did not prove that his convictions were qualifying because the dates he sustained the convictions are "non-elemental facts" that this Court was not permitted to find. *Id.* at 5.

The holding in *Jackson II* does not provide Diaz with any basis for relief because *Jackson II* concerned the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), not USSG § 4B1.1. The ACCA defines a "serious drug offense" as an offense "under the Controlled Substance Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46;" or as "an offense under state law, involving the manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance (as defined in section 102 of the Controlled Substances Act)." 18 U.S.C. § 924(e)(1). These definitions require a court to determine if a prior state conviction qualifies as a "serious drug offense" under the Controlled Substances Act. *Jackson* considered "which version of the Controlled

Substance Act's drug schedules governs," the one in place when the state convictions occurred, or when the defendant possessed his firearm and committed his federal violation. *Jackson*, 36 F.4th at 1297.

In contrast, a defendant is a career offender if, among other things, he "has at least two prior felony convictions of ... a controlled substance offense." USSG §4B1.1(a)(3) (2018). A controlled substance offense is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance … or the possession of a controlled substance … with intent to manufacture, import, export, distribute, or dispense." USSG §4B1.2 (2018).

Unlike the ACCA, the career-offender guideline does not reference, incorporate, or mention the Controlled Substance Act. Rather, it defines a controlled substance offense as "an offense under federal *or* state law … [involving] a controlled substance." USSG §4B1.2(b) (emphasis added). A previous conviction is a "controlled substance offense" under section 4B1.2 if it "categorically involve[d] the conduct specified"—that is, manufacturing, importing, exporting, distributing, dispensing, or possessing with the requisite intent any "controlled substance." *United States v. Bates*, 960 F.3d 1278, 1292–93 (11th Cir. 2020). And the Eleventh Circuit has repeatedly held that Florida drug convictions in violation of Fla. Stat. § 893.13 are controlled substance offenses the career-offender guideline. *See, e.g., United States v. Pridgeon*, 853 F.3d 1192, 1197–98 (11th Cir. 2017); *United States v. Smith*, 775 F.3d 1262, 1266–68 (11th Cir. 2014). The Eleventh Circuit and this Court are bound by the holdings of

9

prior panels until those holdings are overruled *en banc* or by the Supreme Court. *United States v. Hutchinson*, 75 F.3d 626 (11th Cir. 1996).

Here, Diaz's counsel cannot be deemed to have provided ineffective assistance in failing to anticipate the holding in *Jackson II* or to challenge Diaz's career-offender sentence based on it because *Jackson II* did not construe the guidelines' definition of a controlled substances offense. *See Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990) ("Counsel cannot be labeled ineffective for failing to raise issues which have no merit.").

Diaz also asserts that counsel performed deficiently by failing to object that, absent Diaz's guilty plea admission to having committed an offense on a particular date, this Court lacked the authority to determine the dates of Diaz's conviction in order to decide if they were separately countable under the guidelines. *See* Doc. 5 at 6. That claim fails, also. A district courts is entitled to make factual findings in support of its guideline's calculations. *See United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007) (when district court applies guidelines as advisory, nothing prohibits courts from making factual findings under a preponderance-of-the-evidence standard); *cf. United States v. Dudley*, 5 F.4th 1249, 1266 (11th Cir. 2021) (district court is authorized to use information from court documents, including dates of predicate offenses, to determine whether ACCA-qualifying offenses were committed on different occasions), *cert. denied*, 142 S. Ct. 1376 (2022). Diaz's counsel cannot be deemed to have performed deficiently by failing to raise a frivolous objection, *Card*, 911 F.2d at 1520, and Diaz certainly was not prejudiced.

### ii. Ground Three:  Counsel is not ineffective by failing to anticipate the holding in Dupree

Diaz argues that counsel performed deficiently by failing to argue that his convictions for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and distribution of cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, are not "controlled substance offenses" within the meaning of USSG §4B1.2(b) and that, therefore, he could not be sentenced as a career offender. Civ. Doc. 5 at 6. Counsel, however, did not perform deficiently by failing to anticipate the holding in *Dupree,* 57 F.4th at 1269. Further, because his conviction on count four remains a controlled substance offense notwithstanding the application of an aiding or abetting theory, Diaz was not prejudiced.

In *Dupree*, the Eleventh Circuit, sitting en banc, overturned prior precedent to hold that "[t]he definition of 'controlled substance offense' in § 4B1.2(b) of the Sentencing Guidelines does not include inchoate offenses like conspiracy and attempt." *Dupree*, 57 F.4th at 1280. The court explained, however, that "[i]nchoate crimes involve '[a] step toward the commission of another crime, the step in itself being serious enough to merit punishment. The three inchoate offenses are attempt, conspiracy, and solicitation.'" *Dupree*, 57 F.4th at 1272 n.1.

First, Diaz's counsel cannot be faulted for failing to object to the application of section 4B1.1 on this ground at sentencing, because *Dupree* was decided in January 2023, nearly a year after Diaz's sentencing. *See* 57 F.4th at 1269. Because defendants are not entitled to an attorney capable of foreseeing future legal developments, *see,*

*e.g., Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019); *Denson v. United States*, 804 F.3d 1339, 1343 (11th Cir. 2015), this Court need proceed no further to deny Diaz's claim.

In any event, the holding in *Dupree* would not have changed Diaz's sentence, anyway. Diaz was convicted of a conspiracy offense under section 846 in count one and a substantive drug distribution offense under section 841(a) and (b)(1)(C) in count four. *See* Doc. 422. While the indictment for count four cited section 841 and 18 U.S.C. § 2, the resulting conviction is not an inchoate offense. *Dupree*, 57 F.4th at 1272 n.1. "Aiding and abetting, under 18 U.S.C. § 2, is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (quotation omitted); *accord Alvarado-Linares v. United States*, 44 F.4th 1334, 1348 (11th Cir. 2022). "Indeed, under § 2, the acts of the principal become those of the aider and abettor as a matter of law[,]" *Colon*, 826 F.3d at 1305 (punctuation omitted), and the individual so convicted "is punishable as a principal[,]" 18 U.S.C. § 2. Accordingly, even if counsel should have anticipated *Dupree*, Diaz still has failed to establish *Strickland* prejudice because he still would have been subject to sentencing as a career offender based on his conviction in count four.

12

### E.     Need for an evidentiary hearing

Diaz is not entitled to an evidentiary hearing. Diaz has the burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc). To establish entitlement to an evidentiary hearing on a claim of ineffective assistance of counsel, a petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." *Hernandez v. United States*, 778 F.3d 1230, 1232–33 (11th Cir. 2015). Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit. S*ee United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984). Here, Diaz has not established the need for an evidentiary hearing because his arguments are based on faulty legal reasoning and are facially insufficient to merit relief.

THEREFORE, the United States respectfully requests that this Court deny Diaz's 28 U.S.C. § 2255 motion.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:     /s/ Callan Albritton
        Callan Albritton
        Assistant United States Attorney
        Florida Bar No. 0105688
        400 N. Tampa St., Ste. 3200
        Tampa, FL 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: Callan.Albritton@usdoj.gov

**Antonio Diaz, Jr. v. United States**          **Case No. 8:23-cv-12-WFJ-MRM**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2023, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:

        Antonio A. Diaz, Jr.
        73761-018
        Jesup - FCI - Med
        Federal Correctional Institution
        2680 Highway 301 South
        Jesup, GA 31599

                /s/ Callan Albritton
                Callan Albritton
                Assistant United States Attorney
                Florida Bar No. 0105688
                400 N. Tampa St., Ste. 3200
                Tampa, FL 33602-4798
                Telephone: (813) 274-6000
                Facsimile: (813) 274-6358
                E-mail: Callan.Albritton@usdoj.gov