UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO DIAZ, JR.,

    Petitioner,

v.                                     Case No. 8:23-cv-12-WFJ-MRM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner Antonio Diaz, Jr.'s *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkts. 1 & 5).[1] The United States of America ("Respondent") has responded in opposition (Civ. Dkt. 7). Upon careful review, the Court denies Petitioner's Motion.

## BACKGROUND

Beginning on an unknown date, but no later than on or about June 14, 2019, Petitioner participated in an unlawful agreement with others to distribute and possess with intent to distribute a controlled substance. Cr. Dkt. 501 at 21. On August 14 and 15, 2019, a confidential informant ("CI") contacted one of

---

[1] In this civil case, citations to the docket will be denoted as "Civ. Dkt. [document number]." Citations to Petitioner's prior criminal case, 8:20-cr-220-WFJ-MRM, will be denoted as "Cr. Dkt. [document number]."

Petitioner's co-defendants to purchase three ounces of cocaine. *Id.* at 22. The co-defendant drove Petitioner to a scheduled meeting, where Petitioner handed the CI three ounces of cocaine. *Id.* Wire and electronic interceptions revealed that Petitioner acted as a runner and driver for this co-defendant, who was a cocaine supplier in the Robles Park housing project in Tampa, Florida. *Id.* at 22–23.

A federal grand jury issued an 11-count indictment against Petitioner, along with seven others, in the conspiracy. Cr. Dkt. 1. On August 4, 2021, Petitioner pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(b)(1)(B) (Count One), and distribution of cocaine while aiding and abetting a co-defendant, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (Count Four). Cr. Dkt. 501 at 4, 14–15, 23–24.

The Presentence Investigation Report ("PSR") identified Petitioner as a career offender based on Petitioner's prior drug offenses. Cr. Dkt. 402 at 13. Petitioner qualified as a career offender under USSG § 4B1.1 because (1) he was 28 years old at the time he committed the instant offense of conviction, (2) the offense was a felony and controlled substance offense, and (3) he had at least two prior felony convictions for controlled substance offenses, specifically his three prior convictions for delivering cocaine. *Id.* The Court adopted the advisory guidelines from the PSR, which reflected a total offense level of 34 and a criminal

history category of VI—resulting in a guideline range of 262 to 327 months. Cr. Dkt. 496 at 6.

At Petitioner's sentencing hearing on January 31, 2022, Petitioner's counsel argued that the career offender status overstated Petitioner's criminal history because two of his predicate offenses involved small amounts of cocaine. *Id.* at 8. Petitioner's counsel asked the Court to reduce Petitioner's criminal history from a category VI to a category V. *Id.* at 9. Petitioner's counsel also requested a downward variance in accordance with Petitioner's relatively minor role in the drug trafficking organization. *Id.* at 9–10. Ultimately, the Court maintained Petitioner's career offender status and criminal history designation but varied downward from the low end of the guidelines by 70 months, sentencing Petitioner to 192 months in prison. *Id.* at 12–13, 15.

Petitioner now seeks to correct his sentence pursuant to 28 U.S.C. § 2255. Civ. Dkt. 5. Petitioner claims that his counsel provided ineffective assistance by failing to: (1) object to the misapplication of the career offender enhancement based on non-qualifying predicate convictions; (2) investigate whether his prior cocaine convictions necessarily involved a controlled substance as defined by the Controlled Substance Act; (3) argue that Petitioner's instant crimes are inchoate crimes, not controlled substance offenses; and (4) argue that his prior convictions are not controlled substances offenses. *Id.*

## STANDARD OF REVIEW

On collateral review, the petitioner "has the burden of proof and persuasion on all the elements of his claim." *In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016). This is "a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 164–66 (1982); for, "[w]hen the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence" at issue. *Moore*, 830 F.3d at 1272 (citations omitted). "[I]f the Court cannot tell one way or the other" whether the petitioner's claim is valid, the petitioner has "failed to carry his burden of showing all that is necessary to warrant § 2255 relief." *Id.* at 1273.

## DISCUSSION

Counsel is ineffective under the Sixth Amendment if "(1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense such that petitioner was deprived of a fair [result]." *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner claiming ineffective assistance of counsel carries the burden of establishing both prongs and overcoming the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687, 689.

To establish deficient performance under *Strickland*, a petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. The test is not how the best—or even how a good—lawyer would have performed. *See White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). Rather, the test is "whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted[.]" *Id.*

To establish resulting prejudice under *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner fails to establish either of the *Strickland* prongs, their claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005).

As noted above, Petitioner asserts four grounds for ineffective assistance of counsel. The Court will address each before turning to consider entitlement to an evidentiary hearing and appealability.

### I.  Ground One

Petitioner first argues that counsel provided ineffective assistance by failing to object to the misapplication of the sentence enhancement based on Petitioner's non-qualifying predicate convictions. Civ. Dkt. 5. Petitioner asserts that his three

prior convictions for delivery of cocaine are not "serious drug offense[s]" and do not support sentence enhancements pursuant to 21 U.S.C § 851 or the career offender enhancement under USSG § 4B1.1. *Id.* In Petitioner's view, this discrepancy is due to a mismatch between the federal and state drug schedules, which is something his attorney either knew or should have known. *Id.*

The Court begins by noting that Petitioner's argument relies on the definition of a "serious drug offense" provided by the Controlled Substance Act. This definition, however, is not appropriate for evaluating the sufficiency of Petitioner's prior drug convictions and sentence enhancement. Petitioner's sentence was enhanced due to his career offender status, which signifies that he had at least two prior felony convictions related to controlled substances. *See* Cr. Dkt. 402 at 13; *see also* USSG § 4B1.1(a)(3). Consequently, Petitioner's prior convictions need only qualify as "controlled substance offenses" as defined by USSG § 4B1.1. And, thereunder, a "controlled substance offense" is an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense. USSG § 4B1.2(b).

It is also worth noting that the career offender guideline does not reference or incorporate the Controlled Substance Act or the term "serious drug offense." *See*

*generally* USSG § 4B1.1. Rather, it defines a controlled substance offense simply as an offense, under federal or state law, that prohibits certain drug-related activities. *United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017). The career offender guidelines are therefore unambiguous, rendering any comparison between federal and state statutory analogues unnecessary. *See United States v. Smith*, 775 F.3d 1262, 1267–68 (11th Cir. 2014) ("We look to the plain language of the definitions to determine their elements . . . and we presume that Congress and the Sentencing Commission said what [they] meant and meant what [they] said.") (internal quotations omitted).

Given this, Petitioner's argument fails. It relies on a discrepancy between the federal and state drug schedules—a discrepancy that is immaterial to the sentence enhancement Petitioner received for being a career offender. Therefore, Petitioner's argument is without merit. Counsel cannot be labeled ineffective for failing to raise meritless objections. *See Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990).

## II.   Ground Two

Petitioner next argues that counsel provided ineffective assistance by failing to investigate whether his prior cocaine convictions necessarily involved a controlled substance. Civ. Dkt. 5. Petitioner again asserts that there is a mismatch between the federal and state drug statutes. *Id.* Additionally, Petitioner asserts that

7

his sentence enhancement was based on this Court's factual determinations regarding the dates of his prior convictions; however, Petitioner argues that these facts are non-elemental and fall outside the discretion of this Court to determine. *Id.*

As explained under Ground One, Petitioner's argument challenging the validity of his career offender sentence enhancement due to a discrepancy between federal and state drug statutes is meritless. Petitioner's additional argument that the Court lacked the authority to determine non-elemental facts—specifically, non-elemental facts to which Petitioner did not admit—in support of the sentencing enhancement is likewise unavailing.

When district courts apply advisory guidelines, they can make additional factual findings, beyond a defendant's admissions, using a preponderance of the evidence standard. *See United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007). "The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the [PSR], or evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). Therefore, the Court acted within its discretion when it adopted the PSR, which included the dates of Petitioner's prior convictions, as its factual findings at Petitioner's sentencing hearing. Petitioner has failed to put forth any reason to believe that he was prejudiced by his

attorney's investigative performance.

### III.   Ground Three

Petitioner next asserts that counsel provided ineffective assistance by failing to argue that Petitioner's instant convictions for conspiring and aiding and abetting the distribution of cocaine are not controlled substance offenses as defined by USSG § 4B1.2(b) and clarified in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc). Civ. Dkt. 5.

In *Dupree*, the Eleventh Circuit overturned prior precedent and held that the definition of a "controlled substance offense" in § 4B1.2(b) does not include inchoate offenses. 57 F.4th at 1280. Inchoate offenses, such as conspiracy and attempt, involve taking a step towards the commission of another crime, with the step itself being serious enough to warrant punishment. *Id.* at 1272 n.1, 1280. *Dupree* was decided in January 2023, nearly a year after Petitioner's sentencing. Since an attorney's failure to anticipate a change in the law does not constitute ineffective assistance, Petitioner's counsel did not perform deficiently by not arguing precedent yet to be established. *See Steiner v. United States*, 940 F.3d 1282, 1293.

Furthermore, even if *Dupree* had been decided before his sentencing, Petitioner would not have suffered any prejudice. While Petitioner's conviction for conspiracy in Count One is an inchoate offense, his conviction for distributing a

9

controlled substance in Count Four, as an aider and abettor to a co-defendant, qualifies as a controlled substance offense as defined in § 4B1.2(b). *See* Cr. Dkt. 1. Aiding and abetting, under 18 U.S.C. § 2, is not a separate crime but an alternative charge that allows one to be found guilty as a principal for aiding or procuring someone else to commit the offense. *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). It follows that Petitioner is not being punished for "taking a step towards the commission of another crime[;]" rather, he is receiving punishment as a principal in the distribution crime. *See* 18 U.S.C. § 2. Simply put, Petitioner's instant convictions include a controlled substance offense, making him eligible for an enhanced sentence. Petitioner did not suffer any prejudice.

IV.   **Ground Four**

Petitioner finally asserts that counsel provided ineffective assistance by failing to argue that Petitioner's convictions under 21 U.S.C. § 841(a) and section 893.13, Florida Statutes, are not controlled substance offenses as defined by USSG § 4B1.2(b) and clarified in *United States v Jackson*, 36 F.4th 1294 (11th Cir.) (*Jackson I*), vacated, No. 21-13963, 2022 WL 4959314 (11th Cir. Sept. 8, 2022), and superseded, 55 F.4th 846 (11th Cir. 2022) (*Jackson II*), pet. for cert. filed, No. 22-6640 (Jan. 26, 2023). Civ. Dkt. 5.

In *Jackson I* and *Jackson II*, the Eleventh Circuit considered which version of the Controlled Substance Act Schedule to incorporate into the definition of

"serious drug offense" under the Armed Career Criminal Act ("ACCA") in cases involving firearm possession by a felon. *Jackson II*, 55 F.4th at 849. However, in the present case, Petitioner was not sentenced under the ACCA and thus cannot seek relief based on either *Jackson* opinion. As explained under Ground One, the definition of a "serious drug offense" according to the Controlled Substance Act is a distinct and unrelated matter from the definition of a "controlled substance offense," making the discrepancy irrelevant to the present case. Petitioner's argument is meritless, and counsel cannot be labeled ineffective for failing to raise meritless arguments. *See Card*, 911 F.2d at 1520.

### V.     Evidentiary Hearing

Given the forgoing discussion, Petitioner is not entitled to an evidentiary hearing. "A petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (internal quotations and citations omitted). Hence, to demonstrate entitlement to an evidentiary hearing on an ineffective assistance of counsel claim, a petitioner must allege "facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." *Hernandez v. United States*, 778 F.3d 1230, 1232–33 (11th Cir. 2015). "[A] district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims

11

are patently frivolous[.]" *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (citation omitted).

Here, all of Petitioner's claims lack merit. Petitioner has not demonstrated sufficient facts to substantiate his claim of his counsel's deficiency or establish prejudice resulting from his counsel's performance. Therefore, Petitioner is not entitled to relief and summary dismissal is appropriate. *See Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (finding that "a district court faced with a § 2255 motion may make an order for its summary dismissal [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief").

## VI. Certificate of Appealability

Petitioner is similarly not entitled to a certificate of appealability ("COA"). A petitioner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner has made no such showing. Petitioner is therefore entitled to neither a certificate of appealability nor to proceed on appeal in *forma pauperis*.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence (Civ. Dkts. 1 & 5) is **DENIED**.

(2) A certificate of appealability and leave to appeal *in forma pauperis* is **DENIED**.

(3) The Clerk is directed to enter judgment in favor of Respondent and against Petitioner and close this case.

**DONE AND ORDERED** at Tampa, Florida, on July 5, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Petitioner, *pro se*